# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES CALLAN,** | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:15-2357 |
| v. | : | (JUDGE MANNION) |
| **ABHIJIT PATEL,** | : | |
| Defendant | : | |

## **MEMORANDUM**

Pending before the court is defendant Patel's "motion to set aside default judgment" after default was entered against him for failure to respond to plaintiff's complaint. (Doc. 18). In support of his motion, defendant Patel argues *inter alia*: that plaintiff was well aware of his whereabouts since this case was initiated and saw him on a regular basis over the past five years, and never advised him that he was a defendant in the case; that service upon him was not proper and, thus, the court lacked jurisdiction to enter default judgment; and that he had no notice of this case until he recently received a copy of the entry of default against him. Defendant Patel's motion has been briefed. The court shall grant defendant Patel's motion to set aside the default.

## I.    BACKGROUND

This case was removed from the Lackawanna County Court of Common Pleas on December 8, 2015. (Doc. 1). On May 31, 2017, plaintiff James

Callan filed a motion for default judgment against defendant Abhijit Patel, who was *pro se*, pursuant to Fed. R. Civ. P. 55(b)(2). (Doc. 12). Plaintiff also simultaneously filed his brief in support of his motion with exhibits. (Doc. 13). However, the docket revealed that plaintiff did not first seek the clerk of court to enter default against defendant Patel pursuant to Rule 55(a) as required. Since no default was ever entered against defendant Patel, the court denied plaintiff's motion for default judgment on June 13, 2017. (Doc. 14).

On June 29, 2017, plaintiff filed a request for entry of default against defendant Patel pursuant to Fed.R.Civ.P. 55(a) for failure to respond to his complaint. (Doc. 15).

On June 30, 2017, the clerk of court entered default against defendant Patel. (Doc. 16).

On July 17, 2017, defendant Patel, now represented by counsel, filed a "motion to set aside default judgment" under Fed.R.Civ.P. 55(c). (Doc. 18). Attached to the motion is defendant Patel's Verification in which he avers that despite the fact that he knew plaintiff and saw him regularly seen 2012, "[t]hat the first indication he received from the court of the existence of a lawsuit was the default order executed on June 30, 2017, which was sent by the court to an incorrect address of 104-29 Frances Lewis Boulevard Queens Village, New York, and apparently, redirected to his correct address by the post office." (Doc. 18-2). Also, attached as an exhibit is a copy of a Google search of defendant Patel's name and Queens Village, New York address. (Doc. 18-

2

3).

On July 28, 2017, defendant Patel filed a brief in support of his motion to set aside default judgment. (Doc. 20).

After the plaintiff reported to the court that this case had been resolved and settled only as to defendants United Sporting Companies, Jerry's Sports Center and Ellett Brothers, LLC, (Doc. 21), the court issued an Order on August 9, 2017 dismissing this action as to the stated three defendants without costs and without prejudice. (Doc. 22).

On August 25, 2017, plaintiff filed his brief in opposition to defendant Patel's motion to set aside default judgment with exhibits, after he was granted an extension of time. (Doc. 25, Doc. 26).

## II.    DISCUSSION

The only remaining defendant in this case is Patel. Despite labeling his instant motion incorrectly as one to set aside default judgment, rather than default. Regardless, "[t]he factors which the Court considers in deciding whether to set aside a default judgment are the same as those it considers when considering whether to set aside an entry of default." Rios v. Marv Loves 1, 2015 WL 5161314, *4 n. 7 (E.D.Pa. Sept. 2, 2015).

The court may set aside an entry of default for good cause shown. Fed.R.Civ.P. 55(c). It is within the discretion of the court as to whether an entry of default should be set aside. *See* Damboch v. United States, 211 Fed.

Appx. 105, 109 (3d Cir. 2006). The court must consider the following three factors in determining whether to set aside an entry of default: (1) whether the defendant has a meritorious defense; (2) whether the plaintiff would be prejudiced by vacating the default; and (3) whether the default occurred as a result of the defendant's culpable conduct. Id. *See also* Budget Blinds, Inc. v. White, 536 F.3d 244, 256 (3d Cir. 2008) (citing United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984)). Any doubt should be resolved in favor of setting aside the default and reaching a decision on the merits. Gross v. Stereo Component Systems, Inc., 700 F.2d 120, 122 (3d Cir. 1983); *see also* Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 73-74 (3d Cir. 1987); U.S. v. $55,158.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984).

The court applies a standard of "liberality" and not one of "strictness" in deciding a motion to set aside a default. Medunic v. Lederer, 533 F.2d 891, 893–94 (3d Cir.1976)) (citation omitted); United States v. $55,518.05 in U.S. Currency, 728 F.2d at 194-95. Additionally, "[l]ess substantial grounds may be adequate for setting aside a default than would be required for opening a judgment." Feliciano v. Reliant Tooling Co., Ltd., 691 F.2d 653, 656 (3d Cir. 1982).

Initially, defendant Patel points out that the attempts to serve him prior to the removal of this case from the Lackawanna County Court were all at an incorrect address for him. (Id. at 1-3). He contends that plaintiff's repeated reliance on his mistaken address, coupled with other irregularities, invalidated

4

the entire process of plaintiff's attempt to complete service upon him while this case was pending in the county court. In his Verification, (Doc. 18-2), Patel avers that "[h]e resides at 104-24 Frances Lewis Boulevard, Queens Village, New York 11429, and he has resided at the same address since 2009." He attached a Google search of his name to support his contention. (Doc. 18-3).

In his brief, (Doc. 20 at 4-5), Patel claims that plaintiff Callan's representation, in his motion for service by publication filed in the county court, that he was unaware of the whereabouts of Patel is not true for the following reasons detailed in his Verification:

> b. Plaintiff Callan has been his [Patel's] tenant at the Lackawanna County rental property since 2008 or 2009, and he is still a tenant of Patel in that property.
> c. Patel would see Callan on a regular, almost monthly basis when he would collect the rent from Callan, personally, at the Lackawanna County apartment. Since the alleged incident of 2012 up to the present, Callan would see Patel nearly every month.
> d. Patel used Callan to perform maintenance work at the rental property and Callan was reimbursed by receiving a lower rent charge.
> e. During the time that Callan was supposedly unaware of Patel's whereabouts, Callan had Patel's telephone number and regularly communicated with him by text and by telephone call.
> f. That at no time in the five years since the incident allegedly occurred in 2012, up to approximately June of 2017, did Callan tell Patel that he was the target of a lawsuit, that his attorney was looking for Patel, that his attorney was unable to serve Patel, or that there were legal papers that Patel was required to respond to.

Patel concludes his Verification by averring that "[he] had no notice of the pendency of any lawsuit until he received the [district] court's order of

5

default after June 30, 2017, which order was sent to an incorrect address and redirected to him by the Postal Service." (Id. at 5).

Based upon the alleged improper service of plaintiff's complaint on him, Patel argues that this court lacks personal jurisdiction over him. Thus, Patel maintains that since service of process was not sufficient to confer jurisdiction upon this court over him, the default entered against him should be set aside. *See* Smith v. Rebstock, 477 Fed.Appx. 884, 885(3d Cir. 2012)("default judgment cannot be entered on a complaint that has not been validly served.") (citing Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1304 (3d Cir. 1995) ("if a default judgment had been entered when there had not been proper service, the judgment is, [], void, and should be vacated."); Gold Kist, Inc. v. Laurinburg Oil Co., 756 F.2d 14, 19 (3d Cir. 1985) (Third Circuit held that "because there is no evidence that the complaint was properly served, the default and the default judgment were improperly entered."). In *Gold Kist*, *id*., the Court held that "[a] default judgment entered when there has been no proper service of complaint is, *a fortiori*, void, and should be set aside." *See also* U.S. v. One Toshiba Color Television, 213 F.3d 147, 156 (3d Cir. 2000) ("As a general matter, we have held that the entry of a default judgment without proper service of a complaint renders that judgment void.") (citing Gold Kist, 756 F.2d at 19). Thus, the court lacks *in personam* jurisdiction to enter a default if the defendant was never properly served with the complaint.

In *Gold Kist*, due to the improper service of the complaint, as well as the

6

premature entry of default judgment, the Court did not consider the other three factors in determining whether to set aside the default judgment. Patel states that since he has submitted evidence that plaintiff's complaint was not properly served on him, the court should find that the default was improperly entered against him without considering any of the additional factors. Patel then makes a compelling argument as to why service was not properly made on him under Pennsylvania Rule of Civil Procedure 430 when the case was in the county court. (Doc. 20 at 8-11).

Plaintiff, like Patel, does not address the three factors the court normally examines in determining if default should be set aside. Rather, both parties agree that this case hinges upon whether plaintiff properly served Patel with his complaint under the Pennsylvania Rules of Civil Procedure. Plaintiff also attaches exhibits to his brief, (Doc. 26), to support his contention that the service by publication authorized by the county court was appropriate since he previously made a good faith effort to serve defendant Patel and was unable to do so. Plaintiff states that "[Lackawanna County Court of Common Pleas] in granting [his] Petition for Alternative Service determined that [he] had made a good faith effort to serve Patel, and that service by publication was warranted." (Id. at 6). He maintains that the Judge's determination should not be disturbed. Thus, plaintiff contends that the steps he took, which are specified in the briefs of both parties and shall not be repeated herein, to serve defendant Patel constituted a good faith effort and that "Patel was

7

served via publication, as evidence by the proofs of publication from the Lackawanna Jurist and the New York Times." (Id.).

Based on the briefs and the submissions of the parties, this court cannot agree with plaintiff that the efforts he took to serve defendant Patel constituted a good faith effort and that Patel was properly served by publication. It is abundantly apparent to this court that had the county court been aware of plaintiff's regular interactions with Patel during the relevant times as well as plaintiff's repeated reliance on Patel's incorrect address, which could have easily been corrected, he would not have permitted the uncontested service by publication. Nor did plaintiff properly support his motion for service by publication he filed in the county court under Pennsylvania Rule of Civil Procedure 430 as explained by Patel in his brief. (Doc. 20 at 8-11). Indeed, from the inception, plaintiff's attempt to serve defendant Patel through the Lackawanna County Sheriff via certified mail was invalid under Pa. R.C.P. 400 since he used the wrong address despite the fact that he could have readily obtained the correct address from Patel based on the ongoing landlord tenant relationship that existed between the two. Plaintiff does not dispute that this relationship existed between he and Patel, and it is quite perplexing to the court that plaintiff argues he utilized good faith efforts to locate and serve Patel when he regularly had contact with Patel. "These defects in the service of process render service improper." Defillipis v. Dell Financial Services, 2014 WL 3921371, *4 (M.D.Pa. Aug. 11, 2014).

"The rules relating to service of process must be strictly followed, and jurisdiction of the court over the person of the defendant is dependent upon proper service having been made." Id. (quoting Sharp v. Valley Forge Med. Ctr. & Heart Hosp., Inc., 422 Pa. 124, 221 A.2d 185, 187 (Pa.1966)).

Because service was improper on Patel and default entered against him was void *ab initio*. *See id.* Thus, since the court finds that this impropriety alone is enough to justify setting aside default based upon *Gold Kist*, it need not discuss the other stated factors in determining if default should be set aside.

### III. CONCLUSION

As such, since defendant Patel was not properly served, his motion to set aside the default, (Doc. 18), will be **GRANTED**, and he will be allotted time to respond to plaintiff's complaint, including filing a motion to challenge service of process, under Fed.R.Civ.P. 12(b)(5), if he deems appropriate. An appropriate order shall be issued.

s/ *Malachy E. Mannion*<br>
**MALACHY E. MANNION**<br>
**United States District Judge**

**Date: September 28, 2017**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-2357-01.wpd