# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES CALLAN, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:15-2357 |
| v. | : | (JUDGE MANNION) |
| ABHIJIT PATEL, | : | |
| Defendant | : | |

## **MEMORANDUM**

Pending before the court is defendant Abhijit Patel's motion to dismiss, (Doc. 29), plaintiff's complaint, (Doc. 1-2), pursuant to Fed.R.Civ.P. 12(b)(2), (5), (6). This is a negligence action plaintiff filed against four defendants, including Patel, regarding his fall in a parking lot that occurred on September 23, 2012. Patel is the only remaining defendant in this case. In support of his motion, Patel argues *inter alia*: that the 2-year statute of limitations expired on September 23, 2014; that there was no proper service of the complaint on him; that this court lacks personal jurisdiction since there was no proper service on him; and that the claims against him should be dismissed since plaintiff failed to make a good faith effort to serve him before the statute of limitations expired. Defendant Patel's motion has been briefed. The court will **GRANTED** defendant Patel's motion to dismiss.

## I. BACKGROUND

Plaintiff James Callan filed a complaint in the Lackawanna County Court of Common Pleas on November 9, 2015 against defendants United Sporting Companies, Jerry's Sports Center, Ellett Brothers LLC and Abhijit Patel. This case was removed from the Lackawanna County Court on December 8, 2015. (Doc. 1). On May 31, 2017, plaintiff filed a motion for default judgment against defendant Abhijit Patel pursuant to Fed. R. Civ. P. 55(b)(2). (Doc. 12). However, since plaintiff did not first seek the clerk of court to enter default against defendant Patel pursuant to Rule 55(a) as required, the court denied plaintiff's motion for default judgment on June 13, 2017. (Doc. 14).

On June 29, 2017, plaintiff filed a request for entry of default against defendant Patel pursuant to Fed.R.Civ.P. 55(a) for failure to respond to his complaint. (Doc. 15).

On June 30, 2017, the clerk of court entered default against defendant Patel. (Doc. 16).

On July 17, 2017, defendant Patel, through counsel, filed a "motion to set aside default judgment" under Fed.R.Civ.P. 55(c). (Doc. 18).

Subsequently, the plaintiff reported to the court that this case had been resolved and settled as to defendants United Sporting Companies, Jerry's Sports Center and Ellett Brothers, LLC, (Doc. 21), and the court issued an Order on August 9, 2017 dismissing this action as to the stated three defendants without costs and without prejudice. (Doc. 22).

Defendant Patel's motion to set aside default judgment was then briefed and exhibits were submitted. The court issued a Memorandum and Order on September 28, 2017 granting defendant Patel's motion to set aside the default, (Doc. 18), since he was not properly served. (Docs. 27 & 28). *See also* 2017 WL 4310071. Also, Patel was allotted time to respond to plaintiff's complaint, including filing a motion to challenge service of process if he deemed appropriate.

On October 12, 2017, defendant Patel filed his instant motion to dismiss, (Doc. 29), plaintiff's complaint, (Doc. 1), pursuant to Fed.R.Civ.P. 12(b)(2), (5), (6). Patel's motion has been briefed and exhibits have been submitted. (Docs. 31, 35 & 37).

## II. LEGAL STANDARDS

Defendant Patel's motion to dismiss is filed pursuant to Fed.R.Civ.P. 12(b)(2), (5), (6).

**1. *RULE 12(b)(2)***

Under Fed.R.Civ.P. 12(b)(2), a complaint can be dismissed if the plaintiff fails to establish that the court has personal jurisdiction over a party.

Rule 12(b)(2) requires the court to accept the truth of factual allegations in the complaint relating to jurisdiction and the reasonable inferences that flow therefrom unless the moving party produces evidence tending to contradict the existence of jurisdiction. In re Chocolate Confectionary Antitrust Litigation,

3

674 F.Supp.2d 580, 595 (M.D.Pa. 2009). In other words, a party may rely entirely on allegations unless and until the moving party presents the court with actual evidence to the contrary. *Id.*; Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004) ("when the court does not hold an evidentiary hearing on the motion to dismiss, . . . the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor."); *but see, e.g.,* Rodi v. S. New Eng. Sch. of Law, 255 F.Supp.2d 346, 348 (D.N.J. 2003) ("the plaintiff may not rely on the pleadings, but rather must introduce sworn affidavits or other competent evidence.").

If the moving party does submit competent evidence refuting jurisdiction, the non-moving party shoulders the burden of establishing, by a preponderance of the evidence, that the court has jurisdiction over the matter. In re Chocolate Confectionary Antitrust Litigation, 674 F.Supp.2d at 595 ("Once these allegations are contradicted by an opposing affidavit, however, plaintiffs must present similar evidence in support of personal jurisdiction."). At this point, the plaintiff may not rely on bare pleadings but must support those pleadings with "actual proofs, not mere allegations." *Id.* (quoting Patterson by Patterson v. FBI, 893 F.2d 595, 603-04 (3d Cir. 1990)). As such, "although the burden of persuasion always lies with the non-moving party, the burden of production rests initially with the party moving for dismissal under Rule 12(b)(2)." *Id.* at 595, n. 21.

4

### 2. *RULE 12(b)(6)*

Under Fed.R.Civ.P. 12(b)(6), a complaint can be dismissed, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. Id. Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (*quoting* Twombly, 550 U.S. 544, 127 S. Ct. at 1964-65).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *See* Sands v.

5

McCormick, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. *See* Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

## III. DISCUSSION

Patel argues that this case should be dismissed against him since district courts applying Pennsylvania law have granted a defendant's motion to dismiss a case as time-barred if a plaintiff failed to make a good faith effort to serve the defendant in a timely manner before the statute of limitations expired. He cites, in part, to Williams v. Wexford Health Sources, Inc., 199 F.Supp.3d 917 (E.D.Pa. 2016), for support. Patel's motion is under Rule 12(b). Patel can file a motion to dismiss based on the statute of limitations since "a Rule 12(b) motion can be utilized when the time alleged in the statement of a claim shows that the cause of action has not been brought

6

within the statute of limitations." Williams, Inc., 199 F.Supp.3d at 921 n. 5 (quoting Hanna v. U.S. Veterans' Admin. Hosp., 514 F.2d 1092, 1094 (3d Cir. 1975)).

"The statute of limitations is 'substantive' for the purposes of the *Erie* Doctrine, and, thus, the period provided for filing a negligence action by Pennsylvania law applies in this case." Wells Fargo Bank, N.A. v. Carnell. 2018 WL 840141, *3 (W.D.Pa. Feb. 12, 2018) (citations omitted). "Under Pennsylvania law, claims for negligence are subject to a two-year statute of limitations." Id. (citing 42 Pa.C.S.A. §5524(7)).

The court now must determine when the statute of limitations began to run regarding plaintiff's September 23, 2012 fall. "In Pennsylvania, as a general rule, 'a cause of action accrues, and thus the applicable limitations period begins to run, when an injury is inflicted.'" Williams, Inc., 199 F.Supp.3d at 921 (citing Wilson v. El–Daief, 600 Pa. 161, 964 A.2d 354, 361 (2009)); *see also* 42 Pa.C.S.A. §5502(a). Thus, "[i]n Pennsylvania, a cause of action accrues when the plaintiff could have first maintained the action to a successful conclusion." Carnell, 2018 WL 840141, *3 (citation omitted).

In his complaint, plaintiff alleges that defendant Patel was the owner of a property located at 1101 Main Street, Vandling, Lackawanna County, Pennsylvania, which contained multiple rental units, including one unit which he rented from Patel. Plaintiff parked his vehicle in the parking lot located on Patel's rental property. Plaintiff alleges that "located within the parking spaces

7

of the aforementioned parking lot was a large depression in the ground, which posed a danger to persons walking through the parking lot area", and that the "depression existed for a sufficient period such that the Defendants knew or should have known of its existence, and corrected the dangerous and defective condition."[1]

Plaintiff then alleges that on September 23, 2012, he "was caused to trip and fall and sustain injuries as a result of the dangerous and defective condition caused by the depression in the ground in the [ ] parking lot area" which was owned, operated, controlled and maintained by defendants. Plaintiff avers that his serious injuries sustained in the fall were caused by the carelessness and negligence of defendants. In Count IV of his complaint, plaintiff asserts his negligence claim against Patel, which is the only claim remaining in this case.

In taking plaintiff's allegations as true and drawing all reasonable inferences in his favor, as the court is required to do for present purposes, plaintiff clearly should have discovered his injuries from the fall on September 23, 2012. Thus, it is clear that plaintiff's negligence cause of action against Patel accrued on September 23, 2012.

---

[1] All facts are taken from plaintiff's complaint, (Doc. 1-2), unless otherwise noted. The facts alleged in plaintiff's complaint must be accepted as true in considering the defendants' motion to dismiss. *See* Dieffenbach v. Dept. of Revenue, 490 Fed.Appx. 433, 435 (3d Cir. 2012); Evancho v. Evans, 423 F.3d 347, 350 (3d Cir. 2005).

Next, the court must consider when plaintiff filed his case. Plaintiff commenced this case when he filed a writ of summons in Lackawanna County Court on September 11, 2014. This was within the 2-year statue of limitations to file his suit from the September 23, 2012 date on which he discovered his injuries. Patel was not served with the writ of summons and on November 13, 2014, plaintiff reinstated the writ in the Lackawanna County Court. Once again, Patel was not served with the writ of summons and on January 29, 2015, plaintiff reinstated the writ a second time in the Lackawanna County Court. Subsequently, plaintiff states that he served Patel by publication on three successive weeks from July 31 through August 14, 2015.

Subsequently, on November 9, 2015, plaintiff filed a complaint in the Lackawanna County Court.

As the court in Williams, 199 F.Supp.3d at 922, explained:

Pennsylvania Rule of Civil Procedure 401(a) provides that "[o]riginal process shall be served within the Commonwealth within thirty days after the issuance of the writ or the filing of the complaint." Pa.R.Civ.P. 401(a). However, if the plaintiff fails to serve the defendants within thirty days, she may reissue the writ "at any time." Id. (b)(2). She may also file a writ and then later file a complaint. If so, the complaint serves as the "equivalent of a reissuance of the writ, and the plaintiff may use either the reissued writ or the reinstated complaint as alternative original process." Id. (b)(5).

Plaintiff basically contends that when he timely filed the writ it tolled the statute of limitations and that when he reinstated the writ twice it continued to

toll the statute of limitations even though he was not able to serve the writ on Patel. He states that he was finally able to serve Patel with the writ by publication. Thus, he argues that the statute of limitations has not expired and that Patel was properly served.

"If a statute of limitations could be retroactively tolled whenever a writ is finally served on a defendant, or if a statute of limitations is tolled whenever a writ is simply filed, regardless of whether it is ever served, statutes of limitations would lose virtually all meaning." Id. "Under this theory, a plaintiff could file a writ, do nothing for 20 years, then reissue the writ, serve the writ upon defendants, and proceed with her case." Id. at 922-23 (citing McCreesh v. City of Philadelphia, 585 Pa. 211, 888 A.2d 664, 671 (2005) (noting that "the plain language of [Rule 401(b)] allows a plaintiff to commence an action, thereby satisfying the statute of limitations, and yet to delay the provision of notice of the claim to the defendant interminably, thus undermining the purpose of the statute of limitations")). As such, "court[s] have devised the rule that '[o]nce an action is commenced by writ of summons or complaint the statute of limitations is tolled only if the plaintiff then makes a good faith effort to effectuate service.'" Id. at 923 (citing Englert v. Fazio Mech. Servs., Inc., 932 A.2d 122, 124 (Pa.Super.Ct. 2007).

Thus, the court must now determine whether plaintiff made good faith effort to effectuate service on Patel. This is essentially the gravamen of Patel's motion. The parties dispute whether the record shows that plaintiff's

10

efforts to serve Patel were in "good faith."

The court in Williams, 199 F.Supp. 3d at 924, discussed the good faith service issue under Pennsylvania law and stated:

> The question of "[w]hat constitutes a 'good faith' effort to serve legal process is a matter to be assessed on a case by case basis." Englert, 932 A.2d at 124 [citation omitted]. The decision is "in the sound discretion of the trial court." McCreesh, 888 A.2d at 672. "It is the plaintiff's burden to demonstrate that his efforts were reasonable." Bigansky v. Thomas Jefferson Univ. Hosp., 442 Pa.Super. 69, 658 A.2d 423, 433 (1995). Pennsylvania courts have noted that "[s]imple neglect and mistake to fulfill the responsibility to see that requirements for service are carried out may be sufficient" to find that a plaintiff did not act with good faith. Englert, 932 A.2d at 124 [citation omitted]. Moreover, "conduct that is unintentional that works to delay the defendant's notice of the action may constitute a lack of good faith on the part of the plaintiff." Id. at 124-25 [citation omitted]. In other words, there may be a lack of good faith "even where the plaintiff did not intentionally delay notifying the defendant of the institution of the lawsuit." Witherspoon, 768 A.2d at 1081.

The court must next consider whether plaintiff acted in good faith to try and serve Patel.

Plaintiff filed a writ of summons to commence his action in Lackawanna County Court on September 11, 2014, and tried to serve Patel with it. (Docs. 35-1 & 35-2). In particular, plaintiff attempted to serve all defendants, including Patel, through the Lackawanna County Sheriff via certified mail. Plaintiff served the three defendants which were companies. However, the Sheriff's Office filed returns of service indicating that the certified mail was returned as undelivered and unclaimed as to Patel.

Plaintiff then reinstated the writ of summons in the Lackawanna County

Court on November 13, 2014. Plaintiff retained the services of a process server, Guaranteed Subpoena, Inc., to try and serve Patel. On November 25, 2014, plaintiff received a return from Guaranteed Subpoena indicating that they were unable to serve process on Patel since he was unknown at the address listed.

Plaintiff continued to try and serve Patel. On January 29, 2015, he again reinstated the writ of summons in the Lackawanna County Court. Subsequently, plaintiff retained the services of Spartan Detective Agency, Inc. to perform a skip trace to attempt to locate Patel. However, the trace was not successful and the detective agency reported that they "were unable to locate a current address." Patel points out that on February 2, 2015, plaintiff was notified by the detective agency that more information was needed to further investigate Patel's whereabouts and, that if more information was not available, the agency recommended a postal forwarding. Nonetheless, Patel states that "there is no indication plaintiff attempted to obtain more information or pursue a postal forwarding" and that "plaintiff apparently took no steps between February 2, 2015 and June 30, 2015, a period of almost 5 months, to attempt to serve the writ [on him]."

On June 30, 2015, plaintiff filed a Petition for Alternative Service with the Lackawanna County Court, in which he detailed the above stated factual background with respect to his attempts to locate and serve Patel. On the same day, the county court granted the Petition. Plaintiff maintains that this

was essentially a finding by the court that he had made a good faith effort to serve Patel and was unable to do so. Patel however states that the county court made no good faith determination and that it simply granted the uncontested Petition. In any event, the county court then entered an Order permitting plaintiff to serve Patel by publication. Thus, plaintiff states that Patel was properly served with the writ, which was reinstated on January 29, 2015, by publication pursuant to the Lackawanna County Court's Order. He has submitted evidence from the Lackawanna Jurist and the New York Times as his proof that Patel was served by publication on July 31, 2015 and August 4, 2015, respectively. (Docs. 35-3 to 35-7). As mentioned, plaintiff then filed a complaint in the Lackawanna County Court on November 9, 2015.

Patel argues that to date, he still has not been properly served by plaintiff and that plaintiff's conduct does not constitute good faith. Plaintiff contends that all of the steps he took to try and serve Patel constituted a good faith effort. He states that the Lackawanna County Court's Order, which implicitly found that service by publication was warranted, and granted his Petition for Alternative Service allowed him to serve Patel by publication, is a determination binding on this court that he made a good faith effort to serve Patel. Plaintiff cites to 28 U.S.C. §1450 and In re Diet Drugs Prods. Liab. Litig., 282 F.3d 220 (3d Cir. 2002) ("In effect, the prior state court orders are 'transformed' into orders of the federal court to which the case was removed."), for support. Thus, plaintiff argues that his service by publication

on Patel was sufficient to confer jurisdiction in this court, and that Patel's motion to dismiss pursuant to Rule 12(b)(2) should be denied.

Patel states that insofar as plaintiff relies upon the county court's Order granting his Petition for service by publication as proof that he used good faith efforts to effectuate service this reliance is misplaced. Patel cites to Killmeyer v. Oglebay Norton Co, 817 F.Supp.2d. 681(W.D.Pa. 1981), in which the court held that "state court judgments issued prior to removal to federal court receive full, binding effect unless they are actively dissolved or modified by the district court." Patel states that this court basically dissolved the county court's Order in its September 28, 2017 decision. Specifically, Patel argues that this court has already modified or nullified the county court's Order which granted plaintiff's Petition for service by publication in its Memorandum granting his motion to set aside the default judgment. Patel points to this court's statement that "had the county court been aware of plaintiff's regular interactions with Patel during the relevant times as well as plaintiff's repeated reliance on Patel's incorrect address, which could have easily been corrected, [the County Judge] would not have permitted the uncontested service by publication." (Doc. 27 at 8). Thus, Patel states that "[t]his Court has already noted that Plaintiff did not properly support his [Petition] for service by publication as required by Pa.R.C.P. 430" based on the fact that plaintiff saw him on a regular basis and paid his rent in person, and thus, could have informed him of the instant lawsuit.

14

Patel states that "[his] first notice of this lawsuit was his receipt of the default order of June 30, 2017, which had been mailed to an incorrect address and apparently redirected to Patel by the post office." Based upon the alleged improper service of plaintiff's writ on him, Patel argues that this court lacks personal jurisdiction over him and that he should be dismissed from this case.

The court finds that plaintiff has not met his burden and has not shown that he took good faith efforts to serve Patel. As this court explained in its September 28, 2017 Memorandum:

> Indeed, from the inception, plaintiff's attempt to serve defendant Patel through the Lackawanna County Sheriff via certified mail was invalid under Pa. R.C.P. 400 since he used the wrong address despite the fact that he could have readily obtained the correct address from Patel based on the ongoing landlord tenant relationship that existed between the two. Plaintiff does not dispute that this relationship existed between he and Patel, and it is quite perplexing to the court that plaintiff argues he utilized good faith efforts to locate and serve Patel when he regularly had contact with Patel. "These defects in the service of process render service improper." Defillipis v. Dell Financial Services, 2014 WL 3921371, *4 (M.D.Pa. Aug. 11, 2014). "The rules relating to service of process must be strictly followed, and jurisdiction of the court over the person of the defendant is dependent upon proper service having been made." Id. (quoting Sharp v. Valley Forge Med. Ctr. & Heart Hosp., Inc., 422 Pa. 124, 221 A.2d 185, 187 (Pa.1966)).

2017 WL 4310071, *4.

The court does not repeat the rest of its findings in its September 28, 2017 Memorandum regarding plaintiff's efforts to serve Patel and they are

incorporated herein by reference. Additionally, "Pennsylvania requires personal service [by the Sheriff]—that is, 'handing a copy to the defendant' or to another authorized adult, Pa.R.Civ.P. 402(a)—and does not authorize service by fax or mail, unless defendants fill out a separate document accepting service." Williams, 199 F.Supp. 3d at 924-25 (citing Rule 402(b)); *see also* Rule 400. Here, plaintiff first attempted to serve the writ on Patel by certified mail through the Sheriff's Office and "Pennsylvania law would not have permitted actual service [by mail]." Id. at 925. This is especially true in this case since the court has already found in its prior Memorandum that plaintiff had regular personal contact with Patel "based on the ongoing landlord tenant relationship that existed between the two." Additionally, there is no claim and no evidence in this case that plaintiff ever attempted to give Patel notice of his lawsuit against him during their encounters. What is further confounding is the fact that even though the detective agency informed plaintiff on February 2, 2015 that more information was needed to investigate Patel's whereabouts and, that a postal forwarding was recommended by the agency, there is no evidence that plaintiff took any steps between February 2, 2015 and June 30, 2015 to try and serve Patel. As did the court in Williams, id. at 926, this court also cites to Voicheck v. Ford Motor Co., 2013 WL 1844273, at *3 (E.D.Pa. May 2, 2013), for support in which the court applied Pennsylvania law and "[found] no good faith where the plaintiff was informed

by the sheriff that the defendant's address was incorrect, then made no further attempts at service over a period of nine months."

In light of the court's prior findings in its September 28, 2017 decision and Patel's Verification, (Doc. 18-2), plaintiff should have been able to serve Patel in person via the Sheriff's Office, pursuant to Pa.R.Civ.P. 402(a), 30 days after his writ was filed at Patel's rental property in Lackawanna County where plaintiff regularly saw Patel and paid him rent. Also, in his uncontested Verification, Patel averred that "[h]e resides at 104-24 Frances Lewis Boulevard, Queens Village, New York 11429, and he has resided at the same address since 2009." Patel's attached Google search of his name supported his contention. (Doc. 18-3). Plaintiff fails to explain why he did not try to have Patel served in person at his rental property and why he failed to serve Patel at his proper New York address. Thus, if plaintiff had used good faith efforts, he could have served Patel long before the statute of limitations expired.

In short, based on the facts of this case, the court finds that the statute of limitations was not tolled since plaintiff failed to make good faith efforts to effectuate service on Patel. Neither the writ nor the complaint were ever properly served on Patel before the statute of limitations had run.

Therefore, the court will grant Patel's motion to dismiss and plaintiffs negligence claim against him will be dismissed with prejudice as time-barred. *See Williams, supra*.

## IV. CONCLUSION

As such, Patel's motion to dismiss, (Doc. 29), plaintiff's complaint, (Doc. 1-2), pursuant to [Fed.R.Civ.P. 12(b)(2), (5), (6)](#), will be **GRANTED**, and plaintiff's negligence claim against Patel will be **DISMISSED WITH PREJUDICE** as time-barred and for lack of personal jurisdiction. An appropriate order shall be issued.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: September 27, 2018**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-2357-02.wpd